### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARC SHOWALTER,               ) | |
|            ) | |
|        Petitioner,  ) | |
|            ) | **CIVIL ACTION** |
| v.                 ) | |
|            ) | **No. 07-3205-KHV** |
| DAVID R. McKUNE, et al.,  ) | |
|            ) | |
|        Respondents.  ) | |

_____)

### MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 2254, pro se petitioner Marc Showalter seeks a writ of habeas corpus, claiming various constitutional violations arising out of his state court convictions for aggravated battery and battery.  See Petition (Doc. #1).  For the reasons stated below, the Court denies the petition.

### Factual and Procedural Background

On January 4, 2002, in the District Court of Finney County, Kansas, a jury convicted petitioner of one count of aggravated battery in violation of K.S.A. § 21-3141(a)(1)(A) and one count of battery in violation of K.S.A. § 21-3412(a).  See State v. Showalter, No. 01-CR-573 (Finney Co. Dist. Ct.).  The charges stemmed from an altercation that began when petitioner's car blocked the exit from the parking lot of a bar in Garden City, Kansas.  Joey and Stephanie Skinner approached petitioner and told him to move his car.  Janel and Gerard Bazan, in the car behind petitioner's, honked their horn.  Janel and Gerard testified at trial for the prosecution.  According to their testimony, petitioner left his car and punched Joey Skinner, and the two men proceeded to exchange punches.  Petitioner pushed Stephanie Skinner.  Janel and Gerard Bazan exited their car, and Gerard Bazan told petitioner not to hit women.  Petitioner then punched Gerard Bazan in the face.  Gerard

Bazan fell and struck his head on the pavement; the punch broke Gerard's nose and cheekbone and knocked him unconscious.

At trial, petitioner argued that he had acted in self-defense when he struck the Skinners and in defense of his friend when he struck Gerard Bazan.  Petitioner presented testimony of two friends who witnessed the altercation.  They testified that petitioner punched Gerard Bazan only after Mr. Bazan put his hands on one of the friends.  Petitioner attempted to cross-examine one police officer about statements he had made to the officer about acting in defense of his friend.  The trial court excluded the evidence as hearsay, however, and petitioner did not testify at trial.

The jury convicted petitioner of aggravated battery of Gerard Bazan and battery of Joey Skinner.  The jury acquitted petitioner of battery of Stephanie Skinner.  The Kansas Court of Appeals affirmed the convictions, see State v. Showalter, No. 88,820, 2003 WL 21947538 (Kan. Ct. App. Aug. 8, 2003), and the Kansas Supreme Court denied review.

Petitioner subsequently filed a motion for state habeas relief under K.S.A. § 60-1507, claiming ineffective assistance of trial and appellate counsel.  The trial court denied the motion after an evidentiary hearing, and the Kansas Court of Appeals affirmed.  See Showalter v. State, No. 94,883, 2006 WL 3000757 (Oct. 20, 2006).  Petitioner failed to meet the deadline to seek further review, and the Kansas Supreme Court denied his motion to file his petition for review out of time. Petitioner then filed a petition for a writ of habeas corpus in the Kansas Supreme Court under K.S.A. §60-1501, by which he attempted to raise his claim for ineffective assistance of counsel.  Showalter v. State, No. 97-98564-S (Kan. S. Ct.).  On June 20, 2007, the Kansas Supreme Court dismissed that petition.

## Standards For Habeas Petitions Under 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in relevant part at 28 U.S.C. § 2254, governs the Court's review.  Under Section 2254, as amended by AEDPA, the Court may not issue a writ of habeas corpus with respect to any claim that the state court adjudicated on the merits unless that adjudication

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d)(1), (2).  Under the "contrary to" clause, the Court may issue a writ of habeas corpus only if (1) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts.  See Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, the Court may grant habeas relief if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  Id. at 407-08.  The Court may not issue a writ simply because it concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly; rather, the application must have been objectively unreasonable.  See id. at 409-11.

## Analysis

The petition identifies eleven grounds for relief:

> (1)    The trial court excluded evidence relating to the presence of a drug in one victim's system;

(2)     The trial court excluded petitioner's statements to the police officer, in violation of his right to present a defense at trial;

(3)     In closing argument, the prosecutor improperly commented on petitioner's failure to testify;

(4)     In closing argument, the prosecutor improperly commented on the credibility of witnesses;

(5)     The trial court gave the jury an additional instruction in writing, in violation of petitioner's right to be present at all critical stages of trial;

(6)     The trial court erred in instructing the jury with respect to lesser included offenses;

(7)     The trial court admitted into evidence eight photographs of the crime scene;

(8)     The trial court erred in denying petitioner's motion to sequester witnesses;

(9)     Cumulative trial errors violated petitioner's right to a fair trial;

(10)    Trial counsel was ineffective; and

(11)    In determining whether trial counsel was ineffective in failing to argue lack of specific intent to cause great bodily harm, the trial court erred in ruling that aggravated battery under K.S.A. § 21-3414(a)(1)(A) is not a specific intent crime.

Respondents deny all of petitioner's claims.  The Court addresses each claim in turn.

## I.     Exclusion Of Evidence Of A Drug In The Victim's System

As his first ground for relief, petitioner claims that the trial court denied him due process by excluding evidence of the presence of a drug in one victim's system.  Petitioner concedes that he did not present such a constitutional claim in state court, as required, see 28 U.S.C. § 2254(c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995), and that the Court should therefore deny this claim.

## II.    Exclusion Of Hearsay Statements By Petitioner

Petitioner claims that the trial court violated due process and denied his right to present a

defense by excluding as hearsay his statements to a police officer.  According to counsel's proffer, the officer would have testified that on the day after the altercation petitioner stated that Gerard Bazan began choking petitioner's friend and that petitioner then hit Mr. Bazan.  Petitioner argues that he should not have had to choose between giving up his right not to testify and giving up the evidence in support of his argument that he was acting in defense of another.  Before trial, petitioner moved to suppress his statements to the officer, and the trial court sustained the motion.  At trial petitioner nevertheless sought to introduce the evidence of his statements through the officer.  The trial court ruled that the evidence was inadmissible hearsay as long as petitioner chose not to testify. See K.S.A. § 60-460(a) (hearsay exception for statement of person present at trial and available for cross-examination).  The trial court also rejected petitioner's argument that he could testify about the statements to the officer without opening the door to general cross-examination about the altercation. The trial court further rejected petitioner's argument that the hearsay was admissible as a declaration against interest.  See id. § 60-460(j) (hearsay exception for declarations against interest).

The Kansas Court of Appeals rejected the argument that the trial court had improperly prevented petitioner from presenting evidence of his theory of defense.  See Showalter, 2003 WL 21947538, at *1.  The court noted that although it was "questionable" whether the scenario satisfied the hearsay exception in Section 60-460(j), the question was moot because any such error was harmless, given the overwhelming evidence against petitioner.  Id.  The court also noted that petitioner's attempt to use the statements after winning their pre-trial suppression was "treading close to invited error."  Id.

Petitioner relies on Chambers v. Mississippi, 410 U.S. 284 (1973), in which the Court recognized "the right to a fair opportunity to defend against the State's accusations."  Id. at 294.  The

Court noted that "[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." Id.  In Chambers, the trial court had refused to allow the defendant to present evidence of hearsay statements made and offered "under circumstances that provided considerable assurance of their reliability," including the fact that the statements were "in a very real sense self-incriminatory and unquestionably against interest." Id. at 300-01.  The Court held that due process required the admission of the statements, as follows:

> Few rights are more fundamental than that of an accused to present witnesses in his own defense.  In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.  Although perhaps no rule of evidence has been more respected or more frequently applied in jury trials than that applicable to the exclusion of hearsay, exceptions tailored to allow the introduction of evidence which in fact is likely to be trustworthy have long existed.  The testimony rejected by the trial court here bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest.  That testimony also was critical to Chambers' defense.  In these circumstances, where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.

Id. at 302 (citations omitted).

Petitioner argues that, under Chambers, the trial court violated due process by "mechanistically" applying Kansas hearsay rules to exclude hearsay evidence of his statements to police, which were central to his defense that he acted only in defense of another.  As noted, the Kansas Court of Appeals chose not to address the merits of this argument.  This Court therefore considers the issue de novo.  See Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002).

The Court rejects petitioner's argument under Chambers.  The Supreme Court in that case did not hold that a defendant has a constitutional right to present any and all evidence which supports his defense; rather, defendant has a general right to call witnesses on his behalf, subject to guards

-6-

against unreliable evidence.  In the present case, the witness in question was petitioner himself.  He could have chosen to testify, and he was not denied the right to present his own testimony. Petitioner's dilemma in this case was hardly unique.  In <u>every</u> case, defendant must choose between exercising his right not to testify and presenting his own testimonial evidence.  Petitioner has not provided any authority suggesting that such a dilemma raises constitutional concerns.

Moreover, this case is clearly distinguishable from <u>Chambers</u>.  In that case, the Supreme Court noted that the evidence was particularly reliable and trustworthy, and the state did not have a hearsay exception for declarations against non-pecuniary interest.  <u>See id.</u> at 298-301.  Kansas does recognize such an exception.  <u>See</u> K.S.A. § 60-460(j).  In the present case, petitioner offered his own prior statements to justify his physical attack on his victims.  Such statements can hardly be seen as particularly reliable, either for purposes of the Kansas hearsay exception or in applying <u>Chambers</u>. Accordingly, the trial court did not deny petitioner due process in refusing to admit testimony that did not bear hallmarks of trustworthiness and reliability.  The Court denies this claim for habeas relief.

**III.    Prosecutor's Comment On Petitioner's Failure To Testify**

Petitioner claims that in closing argument the prosecutor improperly commented on petitioner's decision not to testify.  With respect to petitioner's defense theory that he acted in defense of another, the prosecutor argued as follows:

> [Petitioner's] the one that used imminent use of unlawful force.  Such justification requires both a belief on the part of the defendant and the existence of facts that would persuade a reasonable person to believe.
>
> The first part is a subjective test, a belief on the part of the defendant.  No witness has testified what that belief was.  We don't know.  The existence of facts that would persuade a reasonable person to that belief.  Are there any facts that suggest that he should have done what he did and persuaded a reasonable person to

> that belief?  What that is, is an objective test.  That is, would a reasonable person in
> that situation do what he did?

Although the prosecutor did not directly refer to petitioner's decision not to testify, petitioner argues that the prosecutor violated his constitutional right to remain silent by arguing that no witness had testified as to defendant's subjective belief.  The Kansas Court of Appeals rejected this argument, concluding that "the prosecutor did not attempt to make an issue of the failure to testify, but rather simply commented on the lack of any evidence of self-defense."  <u>Showalter</u>, 2003 WL 21947538, at *2.  The Court of Appeals further noted that the jury was instructed that petitioner had a constitutional right not to testify and that they could not draw any inference of guilt from such a decision.  <u>Id.</u>

In <u>United States v. Robinson</u>, 485 U.S. 25 (1988), the Supreme Court rejected a similar argument where "the prosecutorial comment did not treat the defendant's silence as substantive evidence of guilt."  <u>Id.</u> at 32.  The Court held:

> Where the prosecutor on his own initiative asks the jury to draw an adverse inference
> from a defendant's silence, <u>Griffin [v. California</u>, 380 U.S. 609 (1965),] holds that the
> privilege against compulsory self-incrimination is violated.  But where as in this case
> the prosecutor's reference to the defendant's opportunity to testify is a fair response
> to a claim made by defendant or his counsel, we think there is no violation of the
> privilege.

<u>Id.</u>  The Court noted that <u>both</u> the defendant and the prosecutor must "have the opportunity to meet fairly the evidence and arguments of one another."  <u>Id.</u> at 33.

The Court agrees with the Kansas Court of Appeals that the prosecutor did not ask the jury to infer guilt from petitioner's decision not to testify; rather, the prosecutor's comment about the lack of evidence of defendant's subjective belief constituted a fair response to petitioner's claim of defense of another.  Accordingly, the state courts did not act unreasonably in rejecting petitioner's

claim under <u>Chambers</u>, and petitioner is not entitled to habeas relief.

Moreover, the Court agrees with the Kansas Court of Appeals that any such error did not have a substantial and injurious effect or influence in determining the jury's verdict, and therefore was harmless, particularly in light of the jury instructions cited by the Court of Appeals.  <u>See Hale v. Gibson</u>, 227 F.3d 1298, 1324 (10th Cir. 2000) (setting forth harmless error standard where state court failed to apply proper harmless error standard under federal law).  For that reason as well, the state courts did not act unreasonably in rejecting petitioner's claim for a violation of his right not to testify.

## IV.     Prosecutor's Comment On Credibility Of Witnesses

Petitioner claims that in closing argument the prosecutor improperly commented on the credibility of witnesses when he made the following statements:

> [Janel Bazan's] credibility is good.  [Other witnesses] conflict.  And you can weigh theirs and put theirs lower than what we have.  And I'm submitting to you that Janel is a very credible witness.  * * *

> Janel told you about that too.  And she's the one with, I would submit to you, the highest credibility in this case and with the highest degree of awareness.  * * *

> [The Bazans] were leaving to go home, so why would they come up with this elaborate story to tell you this?  I don't know.  How about[,] they're telling the truth?

The Kansas Court of Appeals ruled that the statements were not improper and that any such error was harmless in light of the evidence against petitioner.  <u>Showalter</u>, 2003 WL 21947538, at *2.

The Tenth Circuit has set forth the standard applicable to this claim as follows:

> Argument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances or the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony.  Likewise, an attack on a witness' veracity is improper only in similar circumstances.  Thus, it is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance or diminish a witness's credibility.

Thornburg v. Mullin, 422 F.3d 1113, 1132 (10th Cir. 2005) (quotation omitted).  In Thornburg, the court rejected a claim of improper comments where the prosecutor's statements appeared to be based on evidence and the prosecutor did not indicate to the jury that he knew something more about the witness's credibility than could be deduced from the evidence at trial.  See id.  The relevant inquiry for purposes of habeas relief is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)).

Here, the prosecutor commented on witness credibility in the context of discussing evidence which could weigh on the jury's credibility determination.  One may not reasonably read the statements as indicating the prosecutor's personal belief or suggesting that he knew something about the witnesses' credibility outside of the evidence at trial.  Accordingly, the prosecutor's statements were not improper, and they certainly did not rise to the level of a due process violation.  Moreover, the Court concludes that any such error did not have a substantial and injurious effect or influence in determining the jury's verdict, and therefore was harmless.  The Court denies this claim for habeas relief.

## V.    Jury's Receipt Of Instruction Outside Petitioner's Presence

During deliberations, the jury requested an explanation of the difference between aggravated and simple battery.  The trial court  consulted with both counsel, with petitioner present, outside the presence of the jury.  The court then sent an additional written instruction to the jury room, and the jury read the instruction outside petitioner's presence.  Petitioner claims that this procedure violated his constitutional right to be present at all critical stages of a trial.  The Kansas Court of Appeals rejected this claim, ruling that any such error was harmless because the instruction accurately stated

the law.  Showalter, 2003 WL 21947538, at *3.

The Tenth Circuit has noted that courts have generally held that any communication between judge and jury in response to a request for further instruction must be held in open court with the defendant present.  See United States v. de Hernandez, 745 F.2d 1305, 1310 (10th Cir. 1984).  Such an error is subject to a harmless error analysis, however.  United States v. Washita Constr. Co., 789 F.2d 809, 820-21 (10th Cir. 1986).  In this case, because the written instruction to the jury accurately stated the applicable law, there is no reason why or how the trial court's action could have prejudiced petitioner.  See id. at 821; see also Seeley v. State, 959 P.2d 170, 179 (Wyo. 1998) (possible psychological effect of defendant's absence not concern where jury received written instruction in jury room and was not exposed to defendant's "empty chair").  Accordingly, the Court concludes that any error by the trial court in submitting the written instruction was harmless, and the Court denies this claim by petitioner.[1]

## VI.   Lesser Included Offense Instruction

Petitioner claims that the trial court improperly shifted the burden of proof by giving an improper jury instruction on lesser included offenses.  The trial court instructed the jury that it could find petitioner guilty of aggravated battery or battery, but it did not add "or not guilty" as an alternative, as set forth in the Kansas approved pattern instructions.  The Kansas Court of Appeals rejected this argument, ruling that the instructions as a whole were proper in light of other instructions which admonished the jury to assume that petitioner was innocent and to find him not guilty if they had any reasonable doubt about his guilt.  Showalter, 2003 WL 21947538, at *3.

---

[1]       Petitioner concedes that this error would not be sufficient by itself to warrant relief, but he argues that it should be considered in a cumulative error analysis.

A federal court does not grant habeas relief simply because an instruction deviated from a state's standard jury instruction; the issue is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). The court may not judge an instruction in artificial isolation, but must consider it in the context of the instructions as a whole. Id. at 72. The Supreme Court has defined the category of infractions that violate "fundamental fairness" very narrowly. Id. at 72-73.

In this case, the jury instructions as a whole accurately stated the law concerning the state's burden and the reasonable doubt standard. Accordingly, the Court denies this claim for relief.

**VII.    Admission of Photographs Of Crime Scene**

Petitioner claims that the trial court denied him due process by admitting eight photographs of the crime scene. On direct appeal, the Kansas Court of Appeals found ample foundation to admit the photographs and rejected petitioner's argument that the photographs were irrelevant because petitioner had not raised such an objection at trial. Showalter, 2003 WL 21947538, at *3.

On direct appeal, petitioner did not argue this issue as a federal constitutional violation. In his brief to the Kansas Court of Appeals, petitioner made one reference to a general right to a fair trial, but he framed this argument in terms of abuse of discretion and not due process. Accordingly, petitioner may not raise this issue here. See 28 U.S.C. § 2254(c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Even if petitioner had raised a constitutional issue regarding relevance on direct appeal, the Court would still deny that claim. The state court ruled that petitioner did not preserve the issue of relevance for appeal, and under Tenth Circuit law, this Court's habeas review is limited:

> We will not consider issues on habeas review that have defaulted in state court on an
> independent and adequate state procedural ground, unless the petitioner can

demonstrate cause and prejudice or a fundamental miscarriage of justice.  A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision.  To be adequate, a state procedural rule must have been firmly established and regularly followed when the purported default occurred.

McCracken v. Gibson, 268 F.3d 970, 976 (10th Cir. 2001) (quotations omitted).  In this case, petitioner's claim was defaulted on the independent and firmly-established state procedural rule requiring the preservation of issues for appeal by timely objection.  See Torres v. Roberts, No. 06-3237-KHV, 2007 WL 1662645, at *7-8 (D. Kan. June 5, 2007).  Petitioner has not demonstrated cause for his failure to object, prejudice resulting from the admission of the photographs or that the admission resulted in a fundamental miscarriage of justice.  See Bousley v. United States, 523 U.S. 614, 623 (1998) (to show fundamental miscarriage of justice, petitioner must demonstrate that constitutional error has probably resulted in conviction of one who is actually innocent).  Accordingly, the Court need not address this claim, even assuming that petitioner properly raised the claim in state court.[2]

## VIII.   Denial Of Motion To Sequester Witnesses

As his eighth ground for relief, petitioner claims that the trial court erred in denying his motion to sequester witnesses.  Petitioner concedes that he did not raise this issue as a federal constitutional claim in state court and that the Court must therefore deny the claim.

## IX.   Cumulative Trial Errors

Petitioner claims that the cumulative effect of the trial court's various errors violated due process and his right to a fair trial.  Cumulative-error analysis applies only where the record reveals two or more actual errors, and petitioner is entitled to relief only if the entire trial was so

---

[2]      Moreover, petitioner again concedes that this error would not be sufficient by itself to warrant relief, but he argues that it should be considered in a cumulative error analysis.

fundamentally unfair as to constitute a violation of his due process rights.  Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997).

In this case, cumulative-error analysis is not appropriate because at most petitioner has demonstrated only a single harmless error regarding the written instruction to the jury.  Moreover, even if the Court were to consider the other errors claimed by petitioner, the Court would not find that the entire trial was so fundamentally unfair as to violate petitioner's due process rights. Accordingly, the Court denies this basis for relief.

## X.    Ineffective Assistance Of Counsel

Finally, as his tenth and eleventh grounds for habeas relief, petitioner claims ineffective assistance of trial counsel.  Specifically, petitioner argues that (1) trial counsel failed to contact certain witnesses sufficiently in advance of trial and failed to interview those witnesses thoroughly; and (2) trial counsel did not focus the defense on a lack of evidence that petitioner intended to cause great bodily harm to the victim and failed to move for acquittal on that basis.

After an evidentiary hearing, the trial court rejected this claim by petitioner.  The trial court found that petitioner had failed to show what trial counsel had discussed with the witnesses and or how counsel's preparation affected the outcome of the trial.  The trial court further ruled that in failing to argue the lack of a specific intent to cause great bodily harm, trial counsel did not render inadequate assistance because aggravated battery is not a specific intent crime under Kansas law. The Kansas Court of Appeals affirmed these rulings.  Showalter, 2006 WL 3000757.  With respect to the second argument, the Court of Appeals agreed that aggravated battery is a general intent crime under Kansas law and that defendant's specific intent was simply not relevant.  Id. at *1 (citing State v. Esher, 22 Kan. App. 2d 779, 782-86 (1996)).

The Court rejects petitioner's first claim of ineffective assistance of counsel. The state courts did not act unreasonably in ruling that the performance of petitioner's trial counsel in preparing for trial was not constitutionally infirm.

The Court also rejects petitioner's argument regarding trial counsel's failure to argue lack of specific intent to cause great bodily harm. Petitioner attempts to argue that under K.S.A. § 21-3141(a)(1)(A), aggravated battery requires proof of specific intent and the Kansas Court of Appeals erred in ruling to the contrary. This Court, however, may not decide such an issue of state law. In light of Kansas authority declaring aggravated battery to be a general intent crime, see Shields v. State, No. 90,737, 2004 WL 1715007, at *3 (Kan. Ct. App. July 30, 2004); State v. Spicer, 30 Kan. App. 2d 317, 323-24 (2002); Esher, 22 Kan. App. 2d at 782-86, the state courts did not act unreasonably in rejecting petitioner's constitutional claim based on failure to argue lack of specific intent. The Court denies petitioner's claim for habeas relief.[3]

## XI.  Summary

In summary, the Court concludes that petitioner's habeas petition does not establish any instance in which the state proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[3]      In light of this conclusion, the Court need not address respondents' argument that because petitioner failed to file a timely petition for review in the Kansas Supreme Court and raised the issue in that court only by habeas petition, he failed to satisfy his exhaustion requirement.

proceeding," id. § 2254(d)(2).[4]

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 For Writ Of

Habeas Corpus By A Person In State Custody (Doc. #1) be and hereby is **DENIED.**

Dated this 27th day of March, 2008, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[4]      Petitioner has not requested an evidentiary hearing, and no hearing is necessary to resolve disputed facts concerning the proceedings in state court. See Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995) (setting forth requirements for entitlement to evidentiary hearing in federal habeas action).